IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL D. McCOY,**
                    **Petitioner,**

     v.

                                      CASE NO.  14-3104-RDR
**CLAUDE MAYE, Warden,
USP Leavenworth,**
                    **Respondent.**

<u>**MEMORANDUM AND ORDER**</u>

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas. The filing fee has been paid. Having considered all materials filed, the court finds that the claims raised herein are challenges to petitioner's federal convictions entered in another federal district court, and that this court lacks jurisdiction to hear these claims under § 2241. Accordingly, this action is dismissed.

<u>**FACTUAL BACKGROUND, ALLEGATIONS, AND CLAIMS**</u>

Mr. McCoy alleges that in 1992 he was convicted by a jury in the United States District Court for the Southern District of Indiana of four counts of robbery and armed robbery and three counts of firearms violations and sentenced to a total term of 45 years. He directly appealed, and the Seventh Circuit Court of Appeals affirmed. *United States v. McCoy*, 8 F.3d 495 (7th Cir. 1993). Mr. McCoy filed

1

a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, which was denied in 1997. He generally alleges that he has diligently pursued his remedies "to no avail." However, his specific allegations show only that he directly appealed to the Circuit and filed a first § 2255 motion that was denied.[1]

Petitioner discusses changes that have occurred in relevant law "over the past twenty-plus years" and claims that he is entitled to relief based upon new law. For example, he claims that the "second or subsequent provision of 924(c) that was used to enhance his sentence" is an "element" under the "Alleyne Doctrine" and "the jury never found him guilty of second or subsequent nor was it included in the indictment." In *Alleyne v. United States*, --- U.S.----, 133 S.Ct. 2151 (June 17, 2013), the United States Supreme Court overruled prior Supreme Court case law and held that under the Sixth Amendment:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Id.* at 2155 (citation omitted). Petitioner's claims are undoubtedly challenges to his convictions or sentence entered in the District of Indiana.

---

[1] The court declines to construe this petition as one brought pursuant to § 2255 and transfer it to the sentencing court because petitioner is required to obtain preauthorization from the Seventh Circuit in order to file a successive motion in the federal district court. See *Boyce v. Berkebile*, ___ Fed.Appx.___ (10th Cir. Jan. 26, 2015).

2

**LEGAL STANDARDS**

It is well-settled that a motion under § 2255, which must be filed in the district court that imposed sentence, is the "exclusive remedy" for challenging a conviction or sentence unless there is a showing that the remedy is inadequate or ineffective. See 28 U.S.C. § 2255;[2] *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). The § 2255 remedy is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

A § 2241 petition has a distinct purpose from a § 2255 motion and attacks the execution of a sentence rather than its validity. Claims appropriately brought under § 2241 include challenges to sentence or good time credit calculations and parole decisions by U.S. Bureau of Prison's officials. A § 2241 petition "is not an

---

[2] 28 U.S.C. § 2255 pertinently provides:

> A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.* Section 2255 further provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.*

additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir.1963)(per curiam), *cert. denied*, 377 U.S. 980 (1964). "A remedy is available under § 2241 only if a claim procedurally could not have been raised at all via § 2255, such as when the original sentencing court has been dissolved or is unresponsive. *Boyce v. Berkebile,* ___Fed.Appx.___, 2015 WL 306733, at *1 (10th Cir. Jan. 26, 2015)(citing *Caravalho*, 177 F.3d at 1178); *Cleaver v. Maye*, 773 F.3d 230, 232 (10th Cir. 2014)(citing *Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011)). This narrow exception is often referred to as the "savings clause." The question is "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." *Id.* (citing *Prost*, 636 F.3d at 584). "The opportunity to seek a § 2255 remedy must be deemed 'genuinely absent' before a petitioner may properly file a § 2241 petition." *Id*. at 233 (citing *Prost*, 636 F.3d at 588). As petitioner acknowledges, he bears the burden of showing that his § 2255 remedy is inadequate or ineffective. *Prost*, 636 F.3d at 584.

"Prisoners are usually given only one chance to have a § 2255 petition considered on the merits." *Cleaver*, 773 F.3d at 232. However, second or successive § 2255 petition are allowed under certain circumstances. Specific procedures must be followed before successive challenges to a federal sentence or conviction may be

4

filed in a federal district court.  28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*Id.* 28 U.S.C. § 2255(h) additionally provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* It is well-settled that the fact that a federal inmate may be precluded from filing a second and successive § 2255 motion by application of the above provisions does not establish that the remedy is ineffective.  See *Bustillo v. Hood*, 168 Fed.Appx. 255, 256 (10th Cir.), *cert. denied*, 547 U.S. 1159 (2006)(citing *Caravalho*, 177 F.3d at 1179)).  Not even an erroneous decision on a § 2255 motion renders the § 2255 remedy ineffective, as it can be appealed.  See *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010), *cert. denied*, 131 S.Ct. 997 (2011).

**DISCUSSION**

Mr. McCoy does not allege that he has already sought authorization from the Seventh Circuit to file a second and successive § 2255 motion. He argues instead that his first § 2255 remedy was ineffective because *Alleyne* and other law, which he believes clearly established the illegality of his conviction or sentence, did not exist at the time of his direct appeal and first § 2255 motion. However, the remedy under § 2255 is adequate as long as the movant's "argument challenging the legality of his detention could have been tested" in a § 2255. Under *Abernathy v. Wandes*, 713 F.3d 538 (10th Cir. 2013), the court does not look to the likelihood of success of a claim because the "inadequate or ineffective" test "doesn't guarantee results, only process." *Id.* at 548. Thus, petitioner's assumption that his claim would have been denied under the law prior to *Allenye* does not show that his § 2255 remedy was inadequate or ineffective.

Furthermore, even if the Seventh Circuit has already denied Mr. McCoy authorization to file a second and successive § 2255 motion, this circumstance did not render his § 2255 remedy ineffective and render him entitled to challenge his conviction in this § 2241 motion. Petitioner claims that he is entitled to relief under *Alleyne* and other court decisions and appears to claim that his 2255 remedy is ineffective because *Alleyne* was not decided until after the denial of his first 2255 motion. However, the claim that his sentence is

6

illegal under "the Alleyne Doctrine" is one that must be presented to the sentencing court by § 2255 motion.  Since Mr. McCoy litigated his first § 2255 motion and it was denied in 1997, then he must apply to the Seventh Circuit Court of Appeals for authorization to file a second and successive § 2255 motion.  A § 2241 petition in this district is not an alternative remedy to his seeking relief under § 2255 either in the first instance or successively.

Petitioner's allegations that he was sentenced under a statute that did not apply to him and that *Alleyne* entitles him to relief are legal arguments that do not qualify him for the "actual innocence exception."[3]  In any event, "a showing of actual innocence" is simply "irrelevant to whether a remedy under § 2255 is inadequate or ineffective."  *Boyce*, 2015 WL 306733, *1 (citing *Abernathy v. Wandes*, 713 F.3d 538, 546 n. 7 (10th Cir. 2013), *cert denied*, 134 S.Ct. (2014)).

If Mr. McCoy has not yet sought Circuit authorization to file a second and successive application, then he must follow that procedure to have his claims considered.  See *Boyce*, 2015 WL 306733 at *2 ("The proper procedure for a federal prisoner who claims newly discovered evidence demonstrates his innocence is to seek permission to file a second or successive § 2255 motion in the sentencing court.  See § 2255(h).")).  If he has sought authorization and was precluded

---

[3]  Petitioner's argument citing *Prost* misreads that opinion.  See *id*. (Failure to obtain relief under § 2255 does not establish that the remedy is either inadequate or ineffective).  His argument of entitlement to § 2241 review based on the Suspension Clause has no factual basis or legal merit.

7

from bringing a successive petition, that decision did not render his § 2255 remedy inadequate.  *Brown v. Berkebile*, 572 Fed.Appx. 605, 608 (10th Cir. 2014).  Under either possible scenario, petitioner has failed to show that his § 2255 remedy was or is ineffective and thus failed to establish that this court has jurisdiction hear his claims under § 2241.  *Haugh*, 210 F.3d at 1150.[4]  Accordingly, this action is dismissed for lack of jurisdiction.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed for lack of jurisdiction, and all relief is denied without prejudice.

**IT IS SO ORDERED.**

**DATED:  This 30th day of January, 2015, at Topeka, Kansas.**

---

[4]    In *In re Payne*, the Tenth Circuit denied a federal inmate's request for authorization to file a second and successive 2255 motion to challenge his sentence based on *Alleyne*.  *In re Payne*, 733 F.3d 1027 (10th Cir. 2013).  They noted that authorization under § 2255(h)(2), will be granted "when a second or successive § 2255 claim is based on 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id*. at 1029.  Contrary to plaintiff's suggestion, the Tenth Circuit "agree(d) with the Seventh Circuit that *Alleyne* actually does set forth 'a new rule of constitutional law.'"  However, the two Circuits also agreed that "this new rule of constitutional law has not 'been made retroactive to cases on collateral review by the Supreme Court." *Id*. (citing see *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013)).  Plaintiff appears to urge this court to rule that *Alleyne* applies retroactively; however, the declaration of retroactivity must come from the Supreme Court.  See *Dodd v. United States*, 545 U.S. 353 (2005); *Tyler v. Cain*, 533 U.S. 656, 662-63 (2001).  The Tenth Circuit in *Payne* reasoned that "*Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466" (2000), and the "Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review." *Payne*, 733 F.3d at 1030 (citing see *Schriro v. Summerlin*, 542 U.S. 348 (2004)).  They emphasized that "[u]nless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2)."  *Id*. (citing *Simpson*, 721 F.3d at 876); see generally *Browning v. United States*, 241 F.3d 1262, 1266 (10th Cir. 2001))(declining to authorize second or successive § 2255 motion because Supreme Court has not made *Apprendi* retroactive)).

8

s/RICHARD D. ROGERS
United States District Judge